UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HASSAN MOHAMAD RIZK,

    Petitioner,                                             CASE NO. 2:08-12737
                                                            HONORABLE PAUL D. BORMAN
v.                                                          UNITED STATES DISTRICT JUDGE

JOHN PRELESNIK,

    Respondent.

_____/

**OPINION AND ORDER DENYING THE MOTIONS FOR EVIDENTIARY HEARING, FOR RECONSIDERATION, AND TO PROCEED *IN FORMA PAUPERIS*, AND TRANSFERRING CASE TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

On January 20, 2010, this Court issued an opinion and order denying petitioner's application for habeas relief brought pursuant to 28 U.S.C. § 2254. This Court also denied petitioner a certificate of appealability and leave to appeal *in forma pauperis. Rizk v. Prelesnik,* No. 2010 WL 259039 (E.D.Mich. January 20, 2010). Petitioner has now filed a motion for an evidentiary hearing, a motion for reconsideration, and a motion to proceed *in forma pauperis* on appeal. For the reasons stated below, the motions are **DENIED.** The Court further concludes that it must transfer this case to the Court of Appeals in order for petitioner to obtain authorization to file a second or successive petition.

Petitioner asks this Court to reconsider its previous opinion to deny habeas relief because petitioner claims that Detroit Police Department Forensic Chemist William Steiner, the person who analyzed the gunshot residue evidence in this case, is under investigation by the Michigan State Police for errors in his testing procedures. Petitioner further claims that he has new

1

evidence that calls into question the reliability of the procedures at the Detroit Police Crime Laboratory.  Petitioner requests an evidentiary hearing on this matter.  Petitioner admits that he did not raise this claim in his first petition and further acknowledges that he has yet to exhaust this claim with the state courts.  Petitioner further asks this Court to reconsider its decision to deny him a certificate of appealability with respect to his pre-arrest silence claim.

      Eastern District of Michigan Local Rule 7.1(g)(3) provides that in order for a court to grant a motion for reconsideration, the movant must show (1) a palpable defect; (2) that misled the court and the parties; and (3) that correcting the defect will result in a different disposition of the case. *Sigma Financial Corp. v. American Intern. Specialty Lines Ins. Co.,* 200 F. Supp. 2d 710, 715 (E.D. Mich. 2002).  A "palpable defect" is a defect which is considered "obvious, clear, unmistakable, manifest, or plain." *Id.*  As a general rule, a court will not grant a motion for rehearing or reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication. *Id.* (citing E.D. MICH. L.R. 7.1(g)(3)).

      Taking petitioner's second contention in his motion for reconsideration first, petitioner contends that this Court should grant a certificate of appealability on his second claim involving the use of his pre-arrest silence at trial and his related ineffective assistance of counsel claim, because jurists of reason would find the claim debatable.  This portion of petitioner's motion for reconsideration will be denied, because petitioner is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court denied petitioner's second claim and denied him a certificate of appealability with respect to this claim. *See Hence v. Smith,* 49 F. Supp. 2d 547, 553 (E.D. Mich. 1999).

      Petitioner further contends that this Court should either reconsider its decision to deny

him habeas relief on his first claim involving his right to present a defense, or in the alternative, grant a certificate of appealability, because he has new and reliable evidence that William Steiner, the person who examined the gun residue evidence in this case, is under investigation by the Michigan State Police for errors with respect to his testing procedures.

A motion for reconsideration is not considered an appropriate vehicle for a party to raise new facts or arguments. *See United States v. A.F.F.,* 144 F. Supp. 2d 809, 812 (E.D. Mich. 2001). The Court will deny petitioner his motion for reconsideration and his related motion for an evidentiary hearing, because he is essentially presenting new facts and arguments which he did not present in his habeas petition. More importantly, petitioner's belated claim which challenges the accuracy of the gunshot residue testing which he raises for the first time in his motion for reconsideration amounts to an unauthorized second or successive habeas petition. *See Schwamborn v. U.S.*, 507 F. Supp. 2d 229, 231 (E.D.N.Y. 2007).

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *In re Wilson*, 142 F. 3d 939, 940 (6th Cir. 1998). Under the AEDPA, a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition or motion to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 971; *See also In Re Sims*,

111 F. 3d 45, 47 (6th Cir. 1997).  This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

This Court has already entered a judgment denying petitioner habeas relief.  Petitioner also acknowledges that he has failed to exhaust his claim involving the reliability of the gunshot residue testing with the state courts prior to attempting to raise it in federal court.  This Court would be without jurisdiction to enter a stay of proceedings in connection with a successive habeas petition in order to permit petitioner to return to the state courts to exhaust this new claim absent express authorization by the applicable court of appeals pursuant to 28 U.S.C. § 2244(b)(3)(A). *See Alley v. Bell,* 392 F. 3d 822, 833 (6th Cir. 2004).  In addition, this Court would lack the jurisdiction to allow petitioner to file an amended habeas petition which added this successive habeas claim, in the absence of a pre-filing authorization from the Sixth Circuit. *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004).  Moreover, under Fed. R. Civ. P. 15, once a judgment has been entered in a case, including a habeas case, the filing of an amendment cannot be allowed until the judgment is set aside or vacated. *See Bishop v. Lane,* 478 F. Supp. 865. 866-67 (E.D. Tenn. 1978); *See also Pitts v. Champion,* 16 Fed. Appx. 975, 977 (10th Cir. 2001).

In the present case, petitioner has previously filed a habeas petition with the federal courts.  Although petitioner would not have been required to obtain a certificate of authorization following the dismissal of his petition if it had been dismissed without prejudice on exhaustion grounds, *See Harris v. Stovall*, 22 F. Supp. 2d 659, 664 (E.D. Mich. 1998), petitioner's prior habeas petition was dismissed on the merits.  Petitioner's attempt to raise a claim involving the

reliability of the testing procedures at the Detroit Police Crime Laboratory in his motions for reconsideration and for an evidentiary hearing amounts to a second or successive petition for a writ of habeas corpus and he is therefore required to obtain a certificate of authorization.

Although neither party raised the issue of this being a second or successive petition, it is appropriate for this Court to consider the issue *sua sponte* because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. *See Williams v. Stegall*, 945 F. Supp. 145, 146 (E.D. Mich. 1996). Because this appears to be a second or successive habeas petition, it would be error for this Court to dismiss the petition as being time barred, rather than transfer it to the Sixth Circuit, because such a timeliness inquiry would be premature prior to any determination by the Sixth Circuit whether petitioner should be given authorization pursuant to 28 U.S.C. § 2244(b)(3)(A) to file a successive habeas petition. *See In Re McDonald*, 514 F. 3d 539, 543-44 (6th Cir. 2008).

The Court will likewise deny petitioner's motion to proceed *in forma pauperis* on appeal, because this Court lacks jurisdiction over any successive petition in the absence of authorization from the Sixth Circuit pursuant to 28 U.S.C. 28 § 2244(b)(3)(A). *See e.g. U.S. v. Key*, 205 F. 3d 773, 774 (5th Cir. 2000)(district court lacked jurisdiction over petitioner's motion for the appointment of counsel to assist in his filing of a successive habeas corpus petition, and, instead, the motion for the appointment of counsel should have been brought in Court of Appeals as part of a petition for authorization to file a successive habeas petition).

## CONCLUSION

**IT IS HEREBY ORDERED** that the motion for evidentiary hearing [Dkt. # 15], the motion for reconsideration [Dkt. # 16], and the motion to proceed *in forma pauperis* on appeal

[Dkt. # 19] are **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk of the Court transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

**SO ORDERED.**

        s/Paul D. Borman
        PAUL D. BORMAN
        UNITED STATES DISTRICT JUDGE

Dated:  February 1, 2011

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on February 1, 2011.

        s/Denise Goodine
        Case Manager